BOLIN, Judge
(dissenting).
I have no quarrel with the law as outlined in the majority opinion, but I do strenuously disagree with its factual findings which are contrary to those found by the learned trial judge.
The wife is an admitted adulteress and bigamist. She brazenly testified during the trial below that she married another man while still married to the defendant; that she thereafter alternated her affections and conjugal relations between the two according to her whimsical desires. Under these circumstances, I think the trial judge was fully justified in concluding:.
“It is one’s word against the other as to the cruel treatment. As far as Mrs. Smith is concerned, she is a confessed, admitted bigamist and adulteress; vacillating from one man to another * * *. I think one is as bad as the other; when the Court finds each to be at fault, we leave them as we find them * *
I fully agree with the observation made by the majority that “the wife’s prior acts of adultery when condoned by the husband do not constitute a perpetual license for assault and battery upon her”, but whether these alleged acts were committed by the husband is a hotly contested factual matter. The husband denies the incidents just as strongly as the wife charges them. She admits she drank rather excessively and on occasions this undoubtedly provoked some of the “feuding, fussing and fighting”. To assume that merely because a husband and wife are having a drunken brawl, the husband is thereby beating his wife up or committing assault and battery upon her is, in my opinion, an unwarranted legal assumption.
The only other witness, in addition to the party-litigants, who testified as to any cruel' treatment by the husband toward his wife was Archie Owens, a half brother of plaintiff. He testified that he had seen his. sister with bruises and cuts, which she said were the results of blows inflicted by her husband. However, he did not say whether he had likewise observed Mr. Smith’s, .physical condition after any of these mutual altercations. In fact, my appreciation, of Mr. Owens’ testimony is fairly summarized when he said:
“Q. How many times, to your knowledge, have they been separated?"
“A. At least three times; I know of one instance in 1959, and I was living. *817 in Haynesville; she called my house for me to go get my Daddy to come get her and they was cursing and fighting and going on on the phone and I told both of them — I talked to Mr. Smith and I talked to my sister — that it was time that you all straighten up and try to live right and do right and get along.”
I,therefore, respectfully dissent from the majority holding that the wife, Chris-tene O. Smith, has shown by a preponderance of the evidence that her husband, Henry A. Smith, has committed such acts of cruel treatment toward her as to entitle her to a separation from bed and board.